IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL HAWKINS | § | |
| | § | |
| vs. | § | Civil Action No. 3:23-cv-00369 |
| | § | |
| HOME DEPOT U.S.A., INC. | § | **JURY DEMANDED** |

## AMENDED THIRD PARTY COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, HOME DEPOT U.S.A., INC., Defendant herein, and files this its Amended Third-Party Complaint[1] against Eclipse Advantage, LLC and as grounds therefore, would respectfully show unto the Court as follows:

## I.
## PARTIES

1.  Plaintiff Michael Hawkins is an individual residing in Tarrant County, Texas.

2.  Third-Party Plaintiff, at the time this action was commenced was and still is a domestic corporation organized under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.

3.  Eclipse Advantage, LLC, is an entity formed in the State of Delaware who may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 and/or through Robert J. Miggins and/or Pete Westermann at 7370 Cabot Court, Suite 101, Melbourne, Florida 32940 or 6905 N. Wickham Road, Suite 405, Melbourne, FL 32940 or 7185 Murrell Road, Suite 101, Melbourne, Florida 32940.   Third-

---

[1] By this Third-Party Complaint, Third-Party Plaintiff makes no admission of any of the Plaintiff's contentions and continues to deny the allegations in whole.  However, Plaintiff's allegations are presented herein to the extent that they form the basis for the Third-Party claims and Third-Party Plaintiff requires said allegations to be proven as required by law.

- 1 -

**Exhibit A**

Party Plaintiff requests that the clerk issue citation and return said citation to the undersigned counsel to effect service of process upon Eclipse Advantage, LLC.

## II.
## NATURE AND STAGE OF PROCEEDINGS

4. This case is set for trial June 4, 2024 (Doc. 16).  The lawsuit was filed in Dallas County, Texas on January 6, 2023, and removed to federal court on the basis of diversity of citizenship.

## III.
## FACTS

5. Third-Party Plaintiff (hereinafter "Home Depot") is a home improvement retail corporation that sells tools, construction products, appliances, and services, including fuel and transportation rentals. In conjunction with its stores, Home Depot owns warehouses that are used to supply stores with good.  Third-Party Defendant Eclipse contracted with Home Depot to supply trained labor for the operation of the warehouse.  Plaintiff Hawkins was an employee of Eclipse on the date of the Incident (April 30, 2022) when Hawkins was moving good with a reach truck and caused some goods to fall out of the containers being moved.  Hawkins alleges that one of the products hit him after he abandoned his operator's seat.  Hawkins has asserted a premises liability claim against Home Depot.

6. Home Depot entered into a Master Service Agreement ("Agreement") with Eclipse Advantage, LLC ("Eclipse") on May 24, 2018. Exhibit 1.  Pursuant to the terms of the Agreement, Eclipse is to provide qualified personnel to perform certain services described as "resources to assist Home Depot at the Dallas, Texas, Direct Fulfillment Distribution Center." Exhibit 1, Exhibit A to same. The Agreement further requires that Eclipse indemnify and defend Home Depot from and against any and all claims or allegations, including any made by Eclipse's Staff. Exhibit 1, Par. 7.1.  "Staff" includes Eclipse's employees (Exhibit 1, Par. 1.3).  In addition,

*Exhibit A*

Eclipse is required to defend and indemnify Home Depot for any personal injury arising out of Eclipse's acts or omissions which would include its employee's work.   The Agreement specifically requires:

### 7.   INDEMNIFICATION.

7.1     To the maximum extent allowed by law, Vendor and  any  affiliate  of Vendor that, directly  or indirectly,  controls Vendor (including  their respective  directors,  officers,  employees  and  agents) (collectively, "Indemnitor") will indemnify and defend Home Depot and its directors, officers, employees, and agents (the "Indemnitees"), **from and against any and all claims or allegations** (including  those  **made  by  Vendor's  directors, officers, and Staff**), losses, damages, suits, fees, judgments,  costs  and expenses  (collectively referred  to  as  "Claims"),  including  reasonable attorneys' fees and expenses incurred in responding to such Claims, that the Indemnitees may suffer or incur arising out of or in connection with (a) the Indemnitor's alleged negligence, willful misconduct, or breach of any representation, warranty, or other obligation  under  this  Agreement;  (b) the Indemnitees' use in accordance with this Agreement of  Work  Product or other  material  provided  by Indemnitor that infringes or violates any patent, copyright,  trade  secret,  trademark,  or  other intellectual property right (collectively, "IP Rights"); or **(c) any personal injury (including death) or damage  to  property  allegedly  arising  out  of  the  Indemnitor's  acts  or omissions.**

(emphasis added)

7. The agreement also required that Eclipse procure commercial general liability insurance coverage naming Home Depot as an additional insured. Exhibit 1, Exhibit E thereto.

8. Home Depot has made numerous demands on Eclipse (Exhibit 2) as well as to the insurer for Eclipse (Exhibit 3) to defend, indemnify and provide insurance for the claims of Eclipse's employee Plaintiff Hawkins that arose from Eclipse's failure to provide qualified personnel including but not limited to Eclipse' failure to train Hawkins on the proper and safe operation of a reach truck in the warehouse and proper and safe movement of products within the warehouse.

*Exhibit A*

## IV.
## CAUSES OF ACTION

### Count One: Breach of Contract

9.  Third-Party Plaintiff re-alleges the allegations contained in Paragraphs 1 through 8, inclusive and incorporates them by reference as though fully set forth herein. Third-Party Plaintiff entered into a valid and enforceable subcontract with Third- Party Defendant in which Third-Party Defendant agreed to defend, indemnify and hold harmless Third-Party Plaintiff from any and all claims, liability, damages, costs, expenses and attorney fees arising out of or from the work performed. Third-Party Defendant has breached the Subcontract Agreement by failing to defend Third-Party Plaintiff in the above lawsuit.  Third-Party Defendant also agreed to name Third-Party Plaintiff on an insurance policy in the amount of $2 million in commercial general liability coverage.  In the unlikely event that Plaintiff is awarded a judgment against Third-Party Plaintiff, Third-Party Plaintiff is entitled to judgment against Third-Party Defendant for breach of the Subcontract Agreement, in the amount of such damages for which Third-Party Plaintiff is found liable to Plaintiff. Third Party Defendant's breach proximately caused damages to Third-Party Plaintiff for which it now sues to recover.

### Count Two: Indemnity

10. Third-Party Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 9, inclusive and incorporates them by reference as though fully set forth herein. Plaintiff seeks recovery against Third-Party Plaintiff for damages that resulted from an alleged premises defect on or around the jobsite at issue. Third-Party Plaintiff denies any and all liability to Plaintiff in this cause, but expressly alleges that if any liability be established against it, that it should have judgment for contractual indemnity against Third Party Defendant. Third-Party Plaintiff entered into a Subcontract Agreement with Third-Party Defendant for work at the

*Exhibit A*

warehouse. Said Subcontract Agreement contained an indemnity clause obligating Third-Party Defendant to defend, indemnify and hold harmless Third-Party Plaintiff. Pursuant to the express indemnity obligations of said Third-Party Defendant, Third-Party Plaintiff is entitled to contractual indemnification for the damages caused by the failure of Third-Party Defendant to comply with the terms of the subcontract.

11. Accordingly, Third-Party Plaintiff is entitled to contractual indemnification from Third- Party Defendant.

### Count 3:  Negligence

12. Eclipse owed a duty of care to Plaintiff Hawkins. The independent conduct of Eclipse Signs constitutes negligence as that term is known in law. Such negligent acts and/or omissions and/or intentional conduct include but are not limited to the following:

   a. Accidentally and/or with reckless disregard for the safety of Plaintiff, Eclipse failed to adequately train the Plaintiff on how to operate equipment;

   b. Accidentally and/or with reckless disregard for the safety of Plaintiff; Eclipse failed to adequately train Plaintiff on how to perform his job functions in a safe manner;

   c. Accidentally and/or with reckless disregard for the safety of Plaintiff; Eclipse failed to ensure Plaintiff used proper techniques at the jobsite to ensure his safety;

   d. Accidentally and/or with reckless disregard for the safety of Plaintiff, Eclipse failed to properly supervise the performance of the Plaintiff and others employed or under the supervision of Third Party Defendant prior to and during their work at the jobsite;

   e. Accidentally and/or with reckless disregard for the safety of Plaintiff, Eclipse failed to adequately train the Plaintiff on how to move carts and product.

13. One or more of the foregoing negligent acts and/or omissions on the part of Eclipse was a

*Exhibit A*

proximate cause of the Plaintiff's claimed injuries and/or damages.

## CONDITIONS PRECEDENT

14. All of the conditions precedent to Third-Party Plaintiff's right to bring these claims against Third-Party Defendant have been performed, have occurred, or have been excused.

## ATTORNEYS' FEES AND INTEREST

15. Third-Party Plaintiff is entitled to attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code, as well as other costs incurred by it through trial and any appeal in pursuit of all claims and defense in this lawsuit.

16. Third-Party Plaintiff would further show that it is entitled to recover all pre-judgment and post-judgment interests allowed by law.

## V.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Third-Party Plaintiff seeks monetary relief over $1,000,000 and prays that Third-Party Defendant be cited to appear and answer herein. Further, Third-Party Plaintiff requests that judgment be awarded in favor of Third-Party Plaintiff and against Third-Party Defendant for the following relief:

1. Breach of contract;

2. For indemnity of all damages that Plaintiff recovers from Third-Party Plaintiff by way of judgment, order, settlement, compromise, or trial;

3. For reasonable attorneys' fees, expert fees and costs;

4. Pre-judgment and post-judgment interest, as allowed by law; and

5. For such other and further relief as the Court may deem just and proper.

*Exhibit A*

Respectfully submitted,

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:    */s/ Karen M. Alvarado*
        Karen M. Alvarado
        Attorney-in-Charge
        State Bar No. 11067050
        Federal ID No. 10880
        kalvarado@brothers-law.com
        10333 Richmond, Suite 900
        Houston, Texas 77042
        (713) 337-0750 - Telephone
        (713) 337-0760 - Facsimile

*Attorneys for Defendant Home Depot U.S.A., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served upon the following counsel of record in compliance with Rule 5 of the Federal Rules of Civil Procedure on this the 7th day of December, 2023, as follows:

**VIA E-SERVICE**
C.J. Baker
Emily Faber Vechan
Adam Grable
ARMSTRONG LEE & BAKER LLP
2800 North Loop West, Ste. 900
Houston, Texas 77092

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:    */s/ Karen M. Alvarado*
        Karen M. Alvarado

*Exhibit A*